RYWKA WOLMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolman v. Commissioner
Docket No. 286-74.
United States Tax Court
T.C. Memo 1975-266; 1975 Tax Ct. Memo LEXIS 107; 34 T.C.M. (CCH) 1143; T.C.M. (RIA) 750266; August 18, 1975, Filed Rywka Wolman, pro se. Thomas J. Kletnick and Russell F. Kurdys, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined that the petitioner is liable for deficiencies and additions to tax as follows: Additions to Tax Taxable Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1968 $339
$ 84.75
$16.95
$10.56
1969
367
91.75
18.35
11.76
1970
949
237.25
47.45
30.71
*108 The issues for discussion are: 1. Whether certain amounts received by the petitioner are alimony includible in her income pursuant to section 71; and 2. Whether the petitioner is liable for additions to tax pursuant to section 6651(a) for failing to file returns on time for the years in question, pursuant to section 6653(a) for negligent or intentional disregard of rules and regulations, and pursuant to section 6654 for underpayment of estimated tax. FINDINGS OF FACT The petitioner, at the time of the filing of the petition in this case, resided in New York, New York. She filed no Federal income tax returns for the calendar years 1968, 1969, and 1970. The petitioner was married to Benjamin Wolman in 1932. They had one daughter, Danielle, who was born in 1952. For some time prior to June 25, 1968, the petitioner and Benjamin Wolman were living apart but not legally separated. In 1967, Benjamin Wolman issued checks to Mrs. R. Wolman in the amount of $604 per month. At that time there was no outstanding decree or order of any court under which these checks were *109 issued. On February 27, 1967, Rywka Wolman filed a "Petition for Support" with the Family Court of the State of New York, City of New York to compel Benjamin Wolman to support her and Danielle. Because of adjournments, the proceedings extended over a period of approximately a year and a half, during which time the petitioner dismissed her attorney for lack of confidence. As a result she was not aware of the status of her petition as of June 1968. On June 25, 1968, the Family Court ordered that Benjamin Wolman pay the sum of $604 per month to the petitioner beginning July 1, 1968, "for and towards the support of" Rywka Wolman and Danielle Wolman. The record fails to show that the order for support was ever served on the petitioner or that she was ever cognizant thereof. The amount specified by the support order to be paid was the same amount Benjamin Wolman had previously paid from time to time for the support of the petitioner and Danielle Wolman. The petitioner testified that she was unaware of the order until she was later informed by the Internal Revenue Service that she had incurred a tax deficiency as a result of the order. Benjamin Wolman, during the year 1968, made the *110 following payments by check to the order of Mrs. R. Wolman: Date of Check
Amount
Endorsement
April 1, 1968 $604
R. Wolman
May 1, 1968
604
R. Wolman
June 1, 1968
604
R. Wolman
July 1, 1968
604
R. Wolman
August 1, 1968
604
R. Wolman
September 2, 1968
604
R. Wolman
October 1, 1968
604
R. Wolman
November 1, 1968
604
R. Wolman
December 2, 1968
604
R. Wolman
Total
$5,436 These checks were either cashed or deposited by Rywka Wolman. In January 1969, Benjamin Wolman brought an action for divorce against Rywka Wolman in the Supreme Court of New York on the grounds of cruel and inhuman treatment of Benjamin Wolman by Rywka Wolman. On February 20, 1969, pursuant to a jury verdict in favor of Benjamin Wolman, that Court ORDERED, ADJUDGED AND DECREED that the plaintiff BENJAMIN WOLMAN have judgment dissolving the bonds of matrimony heretofore existing between the plaintiff, BENJAMIN WOLMAN and the defendant, RYWKA WOLMAN on the ground of the defendant's cruel and inhuman treatment of the plaintiff, which endangered the plaintiff's physical or mental well-being so as to render it unsafe or improper for the plaintiff, BENJAMIN WOLMAN to cohabit *111 with the defendant RYWKA WOLMAN, and freeing the plaintiff from the obligations thereof except, and only except, those obligations owed by him to DANIELLE WOLMAN the enfant child of the parties, and the obligation, if any, of the plaintiff to pay any of the defendant's counsel fees, with respect to which exceptions decision is reserved. Benjamin Wolman, during the year 1969, made certain payments by check as follows: Date of Check
Payee
Amount
Endorsement
January 1, 1969
Mrs. R. Wolman
$ 604
R. Wolman
February 3, 1969
Mrs. R. Wolman
604
R. Wolman
March 1, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
April 3, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
May 1, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
June 1, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
July 1, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
July 31, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
September 2, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
September 10, 1969
Miss Danielle Wolman
100
Danielle Wolman
October 1, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
November 1, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
December 3, 1969
Miss Danielle Wolman
100
Danielle Wolman
December 1, 1969
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
Total
$3,908
*112 These checks were either cashed or deposited by Rywka Wolman. Benjamin Wolman, during the year 1970, made certain payments by check as follows: Date of Check
Payee
Amount
Endorsement
January 1, 1970
Mrs. R. Wolman In Trust
$ 250
R. Wolman
for Danielle Wolman
February 2, 1970
Mrs. R. Wolman In Trust
for Danielle Wolman
250
R. Wolman
February 28, 1970
Miss Danielle Wolman
200
Danielle Wolman
March 2, 1970
Mrs. R. Wolman In Trust
500
R. Wolman
for Danielle Wolman
April 2, 1970
Mrs. R. Wolman In Trust
500
R. Wolman
for Danielle Wolman
April 17, 1970
Miss Danielle Wolman
100
Danielle Wolman
May 1, 1970
Mrs. R. Wolman In Trust
600
R. Wolman
for Danielle Wolman
June 1, 1970
Mrs. R. Wolman In Trust
700
R. Wolman
for Danielle Wolman
July 1, 1970
Mrs. R. Wolman In Trust
600
R. Wolman
for Danielle Wolman
August 1, 1970
Mrs. R. Wolman In Trust
750
R. Wolman
for Danielle Wolman
September 2, 1970
Mrs. R. Wolman In Trust
600
R. Wolman
for Danielle Wolman
September 28, 1970
Mrs. R. Wolman In Trust
400
R. Wolman
for Danielle Wolman
October 1, 1970
Mrs. R. Wolman In Trust
250
R. Wolman
for Danielle Wolman
November 2, 1970
Mrs. R. Wolman In Trust
250
R. Wolman
for Danielle Wolman
November 2, 1970
Miss Danielle Wolman
400
Danielle Wolman
December 1, 1970
Mrs. R. Wolman In Trust
250
R. Wolman
for Danielle Wolman
December 3, 1970
Miss Danielle Wolman
400
Danielle Wolman
Total
$7,000
*113 These checks were either cashed or deposited by Rywka Wolman. The respondent determined that the petitioner received alimony from Benjamin Wolman in 1968, 1969, and 1970, includible in her gross income pursuant to section 71 in the amounts of $3,624, [2] $3,708, and $7,000, respectively. He also determined that the petitioner was liable for additions to tax pursuant to section 6651(a), section 6653(a) and section 6654. OPINION Section 71(a)(3) [3] taxes to the wife periodic payments of support received by a wife who is separated from her husband, under a decree requiring the husband to make payments for her support and maintenance. Section 71(b) [3] provides that the foregoing section "shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." *114 For the reasons set forth in the decision entered this date in the case of Benjamin Wolman, T.C. ( ), we find that the amounts received by the petitioner pursuant to the support order of June 25, 1968, up until the divorce decree of February 20, 1969, are includible in her income as alimony. Amounts received by the petitioner subsequent to the divorce decree are not. Under the peculiar circumstances of this case, the Court is of the opinion that the petitioner did not knowingly neglect the filing of a return for the taxable years involved and did not negligently omit income so as to warrant the imposition of additions to tax under sections 6651(a) and 6653(a), respectively. However, inequitable as it may seem, under the rulings of this Court, the addition to the tax under section 6654 is unavoidable. . In accordance with the above, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. This amount consists of six payments of $604 per month made by Benjamin Wolman and received by the petitioner after June 25, 1968, the date of the support order of the Family Court.↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- * * *
(3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩